UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

MARIA DOS ANJOS and OEUN ROS

   Plaintiffs,

v.

THE GREEN AT SHREWSBURY CONDOMINIUM
TRUST, MJS ASSOCIATES, INC. and STELLA
MUNRO

   Defendants.

04-40267FDS

RECEIPT # 04456
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. [signature]
DATE 12-29-04

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, permanent injunctive relief, and damages for housing discrimination on the basis of familial status. Defendants have engaged in a pattern or practice of conduct with the purpose and the effect of discriminating against families with minor children by adopting and enforcing rules that impose unreasonable restrictions on children's use of common areas and other facilities. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, *et seq.*, the Massachusetts Anti-Discrimination Statute, M.G.L. c. 151B, § 1, *et seq.*, and other state law remedies.

### II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3613, and the Court's supplemental jurisdiction over Plaintiffs' state law claims.

1

III.  PARTIES

3. At all times mentioned herein, Plaintiff Oeun Ros and her minor son, Davithy, have resided at 48-B Shrewsbury Green Drive, Shrewsbury, Massachusetts in The Green At Shrewsbury condominium complex. Ms. Ros owns unit 48-B. Ms. Ros and her family have been, and continue to be, adversely affected by the acts, policies, and practices of Defendants and/or their agents.

4. At all times mentioned herein, Plaintiff Maria Dos Anjos has resided as a tenant in The Green At Shrewsbury condominium complex with her husband, Devaldir, and their two minor children, Jessica and Jefferson. Ms. Dos Anjos currently resides in unit 14-D, and previously resided in unit 66-B. Ms. Dos Anjos and her family have been, and continue to be, adversely affected by the acts, policies, and practices of Defendants and/or their agents.

5. Upon information and belief, Defendant The Green At Shrewsbury Condominium Trust is the duly established unit owner organization for The Green At Shrewsbury Condominium (a/k/a The Green At Shrewsbury), which is a 378-unit condominium complex located in Shrewsbury, Massachusetts. Defendant The Green At Shrewsbury Condominium Trust's principal office is located at 37 South Quinsigamond Avenue, Shrewsbury, Massachusetts.

6. Upon information and belief, Defendant MJS Associates, Inc. is a property management firm that provides financial services, general supervision, and administrative services to Defendant The Green At Shrewsbury Condominium Trust. Defendant MJS Associates, Inc.'s principal office is located at 54 Main Street, Maynard, Massachusetts.

7. Upon information and belief, Defendant Stella Munro is the Property Manager for The Green At Shrewsbury Condominium complex. Ms. Munro resides at 12 Eagle Drive, Unit L, Shrewsbury, Massachusetts. At all times mentioned herein, Ms. Munro was acting within the scope of her employment, with the approval, consent, and/or subsequent ratification of Defendant The Green At Shrewsbury Condominium Trust and/or Defendant MJS Associates, Inc.

IV. STATEMENT OF THE FACTS

8. The Green At Shrewsbury is a 378-unit condominium complex located in Shrewsbury, Massachusetts. The units are contained in thirty-five, three-story buildings, and each unit has access to common hallways, entrances and walkways. The Green At Shrewsbury also has a swimming pool and fitness center.

9. Defendants have promulgated and enforced -- and continue to enforce – numerous rules and regulations that have restricted and denied the access of children (including the children of the Plaintiffs) to the common areas and other facilities located in The Green At Shrewsbury, including, but not limited to, the examples described below.

10. According to Defendants' written rules and regulations, children under 8 years of age must be supervised by an adult at all times when in the common areas.

11. Defendants' written rules and regulations further provide that children's playthings, toys, bicycles and other equipment may not be left outside of a unit.

12. Defendants have also adopted, distributed, and enforced written swimming pool rules, which require all children and non-swimmers 12 years of age and under to be accompanied by an adult at all times in the pool area. Diapers (and children wearing them) are also not permitted in the pool at any time.

3

13. Defendants have also adopted, distributed, and enforced written rules for the fitness center. According to those rules, children are barred from the fitness center, which is for adult resident use only (at least 18 years of age).

14. Defendants' written rules and regulations further provide that bicycle riding, skateboarding, rollerblading, ball playing, games, and other similar activities are not permitted (or are restricted) on the property.

15. Any violation of these rules and regulations will result in the imposition of minimum fines of $10.00 (first offense), $25.00 (second offense), $50.00 (third offense), and $100.00 (fourth and subsequent offense). Higher fines may be imposed at the discretion of management. Violations can also be cause for termination of lease and eviction.

16. Defendants have issued numerous fines or have threatened to fine families with minor children on many occasions for alleged violations of the above-described condominium rules and for other conduct not specifically prohibited by said rules.

17. Defendants have rarely issued fines or threatened to fine residents without minor children, or have done so on a much less frequent basis as compared to fines issued and threats directed toward families with minor children.

18. Defendants have fined and/or threatened to fine Oeun Ros on numerous occasions, including, but not limited to, the following incidents:

    a. In June 1996, Defendants threatened to fine Ms. Ros allegedly because her child was found in parking lot without an adult present.

    b. In May 1999, Defendants threatened to fine Ms. Ros allegedly because her child was found in one of the condominium buildings without an adult.

    c.    In May 1999, Defendants fined Ms. Ros allegedly because her son was riding his bike, unsupervised, on the walkway near one of the condominium buildings.

    d.    In July 1999, Defendants fined Ms. Ros allegedly because her son was playing outside without an adult present.

    e.    In December 1999, Defendant threatened to fine Ms. Ros allegedly because of complaints about children making noise and waiting for the school bus inside the front entranceway to a condominium building.

    f.    In December 2001, Defendants threatened to fine Ms. Ros allegedly because her son was playing outside while waiting for the school bus.

    g.    In May 2003, Defendants fined Ms. Ros allegedly because her son was playing ball with other children on the lawn near one of the condominium buildings.

    h.    In August 2003, Defendants fined Ms. Ros allegedly because her son was riding his bike on the sidewalk near one of the condominium units.

19.    Defendants have fined and/or threatened to fine Maria Dos Anjos on numerous occasions, including, but not limited to, the following incidents:

    a.    In April 1999, Defendants threatened to fine Ms. Dos Anjos allegedly because her son was riding his bicycle in a parking lot in The Green At Shrewsbury.

    b.    In January 2000, Defendants fined Ms. Dos Anjos allegedly because her son was being loud and playing while waiting for the school bus.

    c.      In July 2001, Defendants fined Ms. Dos Anjos on two separate occasions allegedly because her son was playing outside one of the condominium buildings.

    d.      In May 2003, Defendants fined Ms. Dos Anjos allegedly because her son was riding his bicycle on the sidewalk by one of the condominium buildings.

    e.      In June 2003, Defendants fined Ms. Dos Anjos allegedly because her son was riding his bicycle on the sidewalk near the management office.

    f.      In July 2003, Defendants fined Ms. Dos Anjos allegedly because her son was riding his bicycle on the sidewalk by one of the condominium buildings.

20. One of Defendants' agents has also prohibited Ms. Dos Anjos' son from playing with one of his friends at the condominium complex.

21. One of Defendants' agents has also prohibited Ms. Dos Anjos' son from using the pool at certain designated times, regardless of the presence of adult supervision.

22. Defendants have also undertaken various other actions with the purpose and the effect of discriminating against families with minor children, including, but not limited to the examples described below.

23. For many years, the Green at Shrewsbury condominium complex had a playground area where children could congregate and play.

24. Defendants failed to adequately maintain said playground area and let it fall into a state of disrepair.

25. Defendants eventually removed said playground area and have refused to replace it with a new playground area where children could congregate and play.

26. For many years, the Green at Shrewsbury condominium complex had a basketball court where children could congregate and play.

27. Defendants failed to adequately maintain said basketball court and eventually placed garbage dumpsters in the area where the basketball court was located.

28. Because of the actions of the Defendants described above, Plaintiff's children are restricted in their ability to play and socialize with other children, to walk in and around the complex, and, in some instances, are terrified even to walk outside of their homes.

29. The actions of the Defendants described above have significantly interfered with the ability of the Plaintiffs and their children to use and enjoy their residences and the other facilities at the Green at Shrewsbury condominium complex.

30. Because of the actions of Defendants described above, Plaintiffs and their families have suffered, and are continuing to suffer, and will suffer in the future great and irreparable loss, personal injury, bodily injury and damages, including but not limited to emotional distress and suffering, and deprivation of the right to equal housing opportunities regardless of familial status.

31. The actions of the Defendants described above were intentional, willful, reckless and knowing, and at a minimum, negligent, and were undertaken with callous disregard for the rights and feelings of Plaintiffs and their families.

## V.     CLAIMS FOR RELIEF

### A.     FIRST CLAIM FOR RELIEF (Fair Housing Act)

32.     Plaintiffs reallege and incorporate the facts and allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

33.     Defendants' rules, regulations, practices, policies, and actions, as described above, have violated and/or continue to violate the rights of each of the Plaintiffs under the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

34.     Defendants have discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status, in violation of 42 U.S.C. § 3604(b).

35.     Defendants have made, printed, or published, or caused to be made, printed, or published notices, statements, or advertisements, with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on familial status, or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

36.     Defendants have coerced, intimidated, threatened or interfered with Plaintiffs in the exercise or enjoyment of their rights granted or protected under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

37.     Furthermore, Defendants' rules, regulations, practices, policies, and actions, as described above, have had, and continue to have, a disparate impact on the Plaintiffs and other families with children, in violation of the Federal Fair Housing Act.

B.  SECOND CLAIM FOR RELIEF (Massachusetts Anti-Discrimination Statute)

38. Plaintiffs reallege and incorporate the facts and allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

39. Defendants' rules, regulations, practices, policies, and actions, as described above, have violated and/or continue to violate the rights of each of the Plaintiffs under the Massachusetts Anti-Discrimination Statute, M.G.L. c. 151B, § 1, et seq.

40. Defendants have discriminated in the terms, conditions, or privileges of a housing accommodation, or in the furnishing of services or facilities in connection therewith, because of familial status, in violation of M.G.L. c. 151B, §§ 4(6) and 4(7).

41. Defendants have made, printed, or published, or caused to be made, printed, or published notices, statements, or advertisements, with respect to the rental of a covered housing accommodation that indicated a preference, limitation, or discrimination based on familial status, or an intention to make such preference, limitation, or discrimination, in violation of M.G.L. c. 151B, § 4(7B).

42. Defendants have coerced, intimidated, threatened or interfered with Plaintiffs in the exercise or enjoyment of their rights granted or protected under the Massachusetts Anti-Discrimination Statute, in violation of M.G.L. c. 151B, § 4(4A).

43. Defendants have aided, abetted, incited, compelled, or coerced the doing of acts forbidden under the Massachusetts Anti-Discrimination Statute or attempted to do so, in violation of M.G.L. c. 151B, § 4(5).

44. Furthermore, Defendants' rules, regulations, practices, policies, and actions, as described above, have had, and continue to have, a disparate impact on the Plaintiffs and other

families with children, in violation of the Massachusetts Anti-Discrimination Statute.

C. THIRD CLAIM FOR RELIEF (Quiet Enjoyment)

45. Plaintiffs reallege and incorporate the facts and allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

46. The provisions of M.G.L. c. 186, § 14 prohibit a landlord from directly or indirectly interfering with a tenant's quiet enjoyment of rented property.

47. The Defendants violated the Plaintiffs' right to quiet enjoyment by engaging in the conduct described above.

D. FOURTH CLAIM FOR RELIEF (Reasonableness of Rules)

48. Plaintiffs reallege and incorporate the facts and allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

49. The Defendants may adopt reasonable rules and regulations governing the common areas at the Green at Shrewsbury. See M.G.L. c. 183A, § 11.

50. The rules and regulations discussed above are not reasonable and are not reasonably related to the promotion of the health, happiness and peace of mind of the unit owners at the Green at Shrewsbury and, as a result, are invalid and unenforceable.

51. The rules and regulations discussed above violate public policy and, as a result, are invalid and unenforceable.

52. The rules and regulations discussed above impermissibly interfere with the constitutional rights of the Plaintiffs and other unit owners to raise, care and manage their children and, as a result, are invalid and unenforceable.

E. <u>FIFTH CLAIM FOR RELIEF</u> (NEGLIGENT FAILURE TO TRAIN, NEGLIGENT FAILURE TO SUPERVISE, AND NEGLIGENT RETENTION)

53. Plaintiffs reallege and incorporate the facts and allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

54. The Defendants owed a duty of care not to discriminate or retaliate against the Plaintiffs.

55. The Defendants negligently breached their duties as described below, resulting in harm and damage to the Plaintiffs.

56. The Defendants negligently engaged in actions which violated or breached the Plaintiffs' rights under the anti-discrimination and landlord/tenant laws cited above, and which breached their duty of care to the Plaintiffs, causing an occurrence which resulted in personal and bodily injury to the Plaintiffs.

57. The Defendants negligently failed to supervise their employees or agents, resulting in a violation or breach of the Plaintiffs' rights under the anti-discrimination and landlord/tenant laws cited above, and a violation of their duty of care to the Plaintiffs, causing an occurrence which resulted in personal and bodily injury to the Plaintiffs.

58. The Defendants negligently failed to train their employees or agents in complying with applicable law, resulting in a violation or breach of the Plaintiffs' rights under the anti-discrimination and landlord/tenant laws cited above, and a violation or breach of their duty of care to the Plaintiffs, causing an occurrence which resulted in personal and bodily injury to the Plaintiffs.

59. The Defendants negligently failed to terminate their employees or agents who were not complying with applicable law, resulting in a violation or breach of the Plaintiffs' rights under the anti-discrimination and landlord/tenant laws cited above and a violation or breach of their duty of care to the Plaintiffs, causing an occurrence which resulted in personal and bodily injury to the Plaintiffs.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

a. Assume jurisdiction;

b. Declare unlawful the actions, rules, policies and procedures of the Defendants under the statutes cited above;

c. Issue an injunction permanently restraining and enjoining the Defendants from engaging in discriminatory or other unlawful practices;

d. Order affirmative relief as may be appropriate to remedy Defendants' past discriminatory and other unlawful practices and decisions and to ensure that the Defendants do not discriminate or engage in other unlawful conduct in the future;

e. Award compensatory damages;

f. Award punitive damages;

g. Award attorney's fees and costs incurred in the prosecution of this case; and

h. Provide any other relief this court deems just and equitable.

PLAINTIFFS
By their attorneys,

Dated: 12/29/04

_____
Jonathan L. Mannina, BBO # 636492
Legal Assistance. Corp. of Central Mass.
405 Main Street
Worcester, MA 01608
Tel: (508) 752-3718
Fax: (508) 752-5918

Dated: 12/14/04

_____
Joel H. Feldman, BBO # 552963
Heisler Feldman & McCormick, PC
1145 Main Street, Suite 215
Springfield, MA 01103
Tel: (413) 788-7988
Fax: (508) 788-7996

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

MARIA DOS ANJOS and OEUN ROS )
)
Plaintiffs, )
)
v. )
)
THE GREEN AT SHREWSBURY CONDOMINIUM )
TRUST, MJS ASSOCIATES, INC. and STELLA )
MUNRO )
)
Defendants. )

## CLAIM FOR JURY TRIAL

The Plaintiffs claim a trial by jury.

PLAINTIFFS
By their attorneys,

Jonathan L. Mannina, BBO # 636492
Legal Assistance. Corp. of Central Mass.
405 Main Street
Worcester, MA 01608
Tel: (508) 752-3718, Fax: (508) 752-5918

Dated: 12/29/04

Joel H. Feldman, BBO # 552963
Heisler Feldman & McCormick, PC
1145 Main Street, Suite 215
Springfield, MA 01103
Tel: (413) 788-7988, Fax: (508) 788-7996

Dated: 12/14/04

**04-40267**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Maria Dos Anjos and Oeun Ros

**DEFENDANTS**

The Green at Shrewsbury Condominium Trust; MJS Associates, Inc.; Stella Munro

(b) County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Joel Feldman
Heisler, Feldman & McCormick
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

Jonathan Mannina
Legal Assistance
405 Main Street
Worcester, MA 01608
(508) 752-3718

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff's claim Defendants violated Federal/State Fair Housing Laws by limiting activities for children and treating families with children in discriminatory manner through condominium rules.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 12-29-04

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**04-40267**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Maria Dos Anjos v. The Green at Shrewsbury Condominium Trust__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES ☐   NO ☒

    A. If yes, in which division do **all** of the non-governmental parties reside?

       Eastern Division ☐     Central Division ☐     Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐     Central Division ☒     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Joel Feldman__

ADDRESS __Heisler, Feldman & McCormick, PC, 1145 Main Street, Suite 508 Springfield, MA 01103__

TELEPHONE NO. __(413) 788-7988__

Jonathan Mannina
Legal Assistance Corporation of Central Massachusetts
405 Main Street
Worcester, MA 01608
(508) 752-3718

(Coversheetlocal.wpd - 10/17/02)