UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

C.A. No 04-40267FDS

2005 MAR 16  P 2: 18

U.S. DISTRICT COURT
DISTRICT OF MASS

| |
|---|
| MARIA DOS ANJOS and OEUN ROS <br><br> Plaintiffs, <br><br> v. <br><br> THE GREEN AT SHREWSBURY CONDOMINIUM TRUST, MJS ASSOCIATES INC. and STELLA MUNRO <br><br> Defendants |

## DEFENDANT THE GREEN AT SHREWSBURY CONDOMINIUM TRUST'S ANSWER TO THE PLAINTIFFS MARIA DOS ANJOS AND OEUN ROS'S COMPLAINT

Now comes the Defendants, The Green at Shrewsbury Condominium Trust, MJS Associates, Inc., and Stella Munro, and answer Plaintiffs' complaint as follows:

### I. INTRODUCTION

1. The Defendants admit that the action appears to be one for declaratory judgment, injunctive relief and damages. The Defendants deny the other allegations in Plaintiffs' paragraph number 1.

### II. JURISDICTION

2. The Defendants admit that jurisdiction would be proper pursuant to 28 U.S.C. Section 1331, and 42 U.S.C. Section 3613.

### III. PARTIES

3. The Defendants deny that Plaintiff Ros and her minor son have resided and continue to reside at the unit described at all appropriate times.

4. The Defendants admit that, for some period of time, Plaintiff Ros and her son resided at 48B Shrewsbury Green Drive.

5. The Defendants further assert that Plaintiff Ros and her son have sold the unit at The Green at Shrewsbury and no longer reside there. The Defendants specifically

deny that the Ros family has been and/or continues to be adversely affected by the acts, policies, and practices Defendants and/or their agents.

6. The Defendants admit that Plaintiff Dos Anjos has resided as a tenant at various condominium units in The Green at Shrewsbury. Defendants deny that Plaintiff Dos Anjos and her family have been or continue to be adversely affected by acts, policies and practices of Defendants and/or their agents.

7. Defendant Green at Shrewsbury admits the allegations of Plaintiffs' paragraph 7.

## IV.  STATEMENT OF THE FACTS

8. Defendants admit the first sentence of paragraph 8 and the third sentence of paragraph 8 and deny the second sentence of paragraph 8.

9. Defendants answer the allegations in Plaintiffs' paragraphs 9 through 14 by admitting that there are rules and regulations promulgated for safety and health issues and that the rules and regulations so promulgated speak for themselves.

15. The Defendants admit that violations of rules and regulations on an ongoing or continuing basis may result in monetary fines. In further answering the Defendants state that the rules and regulations promulgated as referenced by the Defendants, speak for themselves.

16. Defendants admit that fines or warnings concerning fines have been issued to families both with children and without children over the years.

17. The Defendants deny the allegations in Plaintiffs' paragraph 17.

18. In answering the allegations in Plaintiffs' paragraph 18, Defendants state that a variety of notices occurred, including courtesy notices, warnings, and levy of fines have been communicated to Plaintiff Ros.

19. In answering the allegations of Plaintiffs' paragraph 19, Defendants state that a variety of notices occurred, including courtesy notices, warnings, and levy of fines have been communicated to Plaintiff Dos Anjos.

20. The Defendants are without information or belief as to the vague and tenuous allegations contained in Plaintiffs' paragraph 20.

21. The Defendants are without information or belief as to specifics to the vague and tenuous allegations contained in Plaintiffs' paragraph 21.

22. The allegations raised in Plaintiffs' paragraph 22 are so vague as to be incapable of a responsive answer.

23. Defendants admit that at some point there was a playground area designated for toddlers sometime prior to 1990.

24. Please see Defendants' answer to paragraph 23.

25. Defendant, The Green at Shrewsbury Condominium Trust, admits it removed the playground. It denies the remaining allegations to paragraph 25.

26. The Defendants deny the allegations in Plaintiffs' paragraph 26.

27. The Defendants deny the allegations in Plaintiffs' paragraph 27.

28. The Defendants deny the allegations in Plaintiffs' paragraph 28.

29. The Defendants deny the allegations in Plaintiffs' paragraph 29.

30. The Defendants deny the allegations in Plaintiffs' paragraph 30.

31. The Defendants deny the allegations in Plaintiffs' paragraph 31.

V. **CLAIMS FOR RELIEF**

A. **FIRST CLAIM FOR RELIEF** (Fair Housing Act)

32. Defendants repeat and incorporate the answers contained in paragraphs 1-31, as fully set forth herein.

33. The Defendants deny the allegations in Plaintiffs' paragraph 33.

34. The Defendants deny the allegations in Plaintiffs' paragraph 34.

35. The Defendants deny the allegations in Plaintiffs' paragraph 35.

36. The Defendants deny the allegations in Plaintiffs' paragraph 36.

37. The Defendants deny the allegations in Plaintiffs' paragraph 37.

B. **SECOND CLAIM FOR RELIEF** (Massachusetts Anti Discrimination Statute)

38. Defendants repeat and incorporate the answers contained in paragraphs 1-37, as fully set forth herein.

39. The Defendants deny the allegations in Plaintiffs' paragraph 39.

40. The Defendants deny the allegations in Plaintiffs' paragraph 40.

41. The Defendants deny the allegations in Plaintiffs' paragraph 41.

42. The Defendants deny the allegations in Plaintiffs' paragraph 42.

43. The Defendants deny the allegations in Plaintiffs' paragraph 43.

44. The Defendants deny the allegations in Plaintiffs' paragraph 44.

C. <u>THIRD CLAIM FOR RELIEF</u> (Quiet Enjoyment)

45. Defendants repeat and incorporate the answers contained in paragraphs 1-44, as fully set forth herein.

46. The Defendants deny the allegations in Plaintiffs' paragraph 46.

47. The Defendants deny the allegations in Plaintiffs' paragraph 47.

D. <u>FOURTH CLAIM FOR RELIEF</u> (Reasonableness of Rules)

48. Defendants repeat and incorporate the answers contained in paragraphs 1-47, as fully set forth herein.

49. The Defendants deny the allegations in Plaintiffs' paragraph 49.

50. The Defendants deny the allegations in Plaintiffs' paragraph 50.

51. The Defendants deny the allegations in Plaintiffs' paragraph 51.

52. The Defendants deny the allegations in Plaintiffs' paragraph 52.

E. <u>FIFTH CLAIM FOR RELIEF</u> (NEGLIGENT FAILURE TO TRAIN, NEGLIGENT FAILURE TO SUPERVISE, AND NEGLIGENT RETENTION)

53. Defendants repeat and incorporate the answers contained in paragraphs 1-52, as fully set forth herein.

54. The Defendants deny the allegations in Plaintiffs' paragraph 54.

55. The Defendants deny the allegations in Plaintiffs' paragraph 55.

56. The Defendants deny the allegations in Plaintiffs' paragraph 56.

57. The Defendants deny the allegations in Plaintiffs' paragraph 57.

58. The Defendants deny the allegations in Plaintiffs' paragraph 58.

59. The Defendants deny the allegations in Plaintiffs' paragraph 59.

In further answering the Plaintiffs' Complaint, the Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Defendants assert that the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants assert that, if the Plaintiffs suffered injuries and damages as alleged, said injuries and damages resulted from the acts or conduct of a person or persons for whose action or conduct Defendant was not responsible, had no knowledge of, and had no control over.

### THIRD AFFIRMATIVE DEFENSE

The Defendants assert that, if the Plaintiffs suffered injuries and damages as alleged, said injuries and damages were caused by the intervening act or acts or omissions of parties other than Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants assert that if it was negligent as alleged, which it specifically denies, the negligence of the Plaintiffs was either equal to or greater than the alleged negligence of the Defendant, and, therefore, the Plaintiffs cannot recover at all, as set forth in M.G.L. c. 231, s. 85.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants assert that the negligence of the Plaintiffs contributed to the cause of their injuries and damages, and, therefore, the recovery of damages, if any, must be reduced in accordance with M.G.L. c. 231, s. 85.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants assert that the Plaintiffs voluntarily encountered the danger, known to them, which is alleged as a basis for their Complaint, knew of and appreciated the risks involved, and assumed the risk of their alleged injuries and damages, legally causing or contributing to the damages alleged, and, therefore, the Plaintiffs' recovery should be reduced by their proportional share of the negligence or fault.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants assert that, if the Plaintiffs sustained injuries and damages attributable to the use of any of its products, which allegations the Defendant expressly denies, the injuries and damages were caused in whole or in part by the unreasonable, unforeseeable, and inappropriate purpose and/or improper use which was made of the products.

### EIGTH AFFIRMATIVE DEFENSE

The Defendants assert that the acts or omissions of persons other than itself, who are neither under its control nor in its employ, and for whose acts or omissions the Defendants have no legal liability, intervened between and superseded any act or omission on the Defendants' part, and directly and proximately caused the occurrence which is the subject matter of this lawsuit involving alleged injury to the Plaintiffs, for which reason the Defendants are not liable in this action.

### NINTH AFFIRMATIVE DEFENSE

The Defendants assert that the Plaintiffs have named the wrong party as a Defendants, and, therefore, their Complaint must be dismissed.

### TENTH AFFIRMATIVE DEFENSE

The Defendants generally deny the allegations made in the Complaint and demands strict proof of all claims.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. The Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, the Defendants request that this Court:

1. enter judgment in favor of the Defendants on all counts of the Complaint;

2. award the Defendants reasonable costs, including Attorney's fees; and

3. award the Defendants such other and further relief as it deems proper and just.

## THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS OF THE PLAINTIFFS' COMPLAINT

>Respectfully submitted,
>DEFENDANTS, THE GREEN AT
>SHREWSBURY CONDOMINIUM
>TRUST, MJS ASSOCIATES, INC.,
>And STELLA MUNRO
>By their Attorney,
>
>_/s/ William F. Burke_
>William F. Burke; BBO #065780
>BURKE & McMENIMEN, P.C.
>35 India Street, 3rd Floor
>Boston, MA 02110
>(617) 292-2300

Dated: 3/10/05

